UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-81351-Civ-Middlebrooks/Matthewman

ALFRED S.K. TEO,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

_____/

FILED BY _____KJZ_____ D.C.

**Aug 19, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION ON THE IRS'S MOTION FOR SUMMARY JUDGMENT [DE 21]

Alfred S.K. Teo filed a request under the Freedom of Information Act ("FOIA") seeking to obtain records relating to an audit of his 2016 tax return by the Internal Revenue Service ("IRS"). Following an alleged untimely and inadequate response to his request, Teo initiated this action seeking to compel the IRS to produce the information to which he contends he is entitled under the FOIA.

Currently pending before the Court is the IRS's Motion for Summary Judgment ("Motion") [DE 21]. Teo responded in opposition [DE 31] and the IRS replied [DE 33]. With the Court's authorization, the IRS later supplemented its Motion [DE 38], and Teo sur-replied [DE 39]. The Motion has been referred to the undersigned U.S. Magistrate Judge by U.S. District Judge Donald M. Middlebrooks for a report and recommendation [DE 40, DE 43].

The Court held oral argument via Zoom videoconference on August 13, 2021 [DE 51]. Having duly considered the parties' arguments, the record, and the applicable law, the Court recommends that the Motion [DE 21] be **GRANTED** for the following reasons.

1

## I.      **FACTUAL BACKGROUND**

The following facts are drawn from the uncontested portions of the record together with the parties' respective statements of material facts ("SMF") [DE 21-3, DE 31-1, DE 38-2, DE 39-1] and supporting affidavits [DE 21-4, DE 32-1, DE 32-2].   These facts are viewed in the light most favorable to the non-moving party, Teo.

On June 4, 2020, Teo's power of attorney, Pasquale J. Fufolo, faxed a FOIA request to the IRS (the "FOIA Request") seeking thirty-three (33) specifically enumerated categories of records "relating to the tax return of Alfred SK Teo and Annie Teo (the 'Taxpayers') for the taxable year ended 2016 and the audit conducted in connection therewith" [Compl. Ex. A, DE 1-2].   The FOIA request identified Revenue Agent Jamie Roberts as an IRS employee with knowledge of the records sought [*Id.*].   Upon receiving the FOIA request on June 4, 2020, the IRS gave it case number FX 2020-02377, assigned it to IRS Disclosure Specialist Alan W. Young for processing, and sent a copy via FedEx to Roberts in West Palm Beach, Florida [IRS SMF ¶¶ 7-8 (citing Neal Dec. DE 21-4 ¶¶ 7-8) (undisputed)].

On June 30, 2020, Roberts sent the entire 2016 exam file to Young via email and Young copied the material provided to the document review platform used by the IRS Disclosure Office [*Id.* ¶¶ 10-11 (citing Neal Dec. DE 21-4 ¶¶ 10-11) (undisputed)].   From July 1 through September 8, 2020, Young worked on Teo's FOIA request; however, due to technical difficulties with the review platform, Young did not complete the review of the responsive records, and he released no records in response to the FOIA request [*Id.* ¶ 12 (citing Neal Dec. DE 21-4 ¶ 12) (undisputed)].

On August 19, 2020, Teo filed the instant complaint alleging that the IRS violated FOIA by failing to timely respond to his FOIA request or produce responsive documents [DE 1].

2

Thereafter, on September 17, 2020, IRS Disclosure Manager Celeste Neal reassigned the FOIA request from Young to IRS Disclosure Analyst Mark Vees to assess the status of the records review and Vees confirmed that the 1,263 pages of the 2016 exam file records provided by Roberts on June 30, 2020 were already in the review platform [IRS SMF ¶ 13 (citing Neal Dec. DE 21-4 ¶ 13) (undisputed)].

On October 1, 2020, Neal had a conference call with Vees, Roberts, and IRS Chief Counsel attorneys Lowell Thomas and Vikramsing Barad to discuss Teo's complaint and the status of processing his FOIA request [*Id.* ¶ 14 (citing Neal Dec. DE 21-4 ¶ 14) (undisputed)].   During the call, Roberts confirmed that no other Revenue Agents worked on Teo's 2016 exam other than her, that she possessed the entire exam file, and that she had forwarded the entire exam file to Young on June 30, 2020 [*Id.* (undisputed)].

On October 28, 2020, Neal had a second conference call with Vees, Roberts, Thomas, and Barad, during which Vees stated that all the 2016 exam file records provided on June 30, 2020 were in the review platform and that he was in the process of reviewing the records and applying any necessary redactions [*Id.* ¶ 15 (citing Neal Dec. DE 21-4 ¶ 15) (undisputed)].   During the October 28, 2020 call, Roberts mentioned having eight (8) additional pages of material reflecting that Teo's 2016 tax case had been referred to the Department of Justice and reciting the procedures to be followed regarding the exam file [*Id.* ¶ 16 (citing Neal Dec. DE 21-4 ¶ 16) (undisputed)]. IRS Chief Counsel attorneys advised that these documents, which were not included in the June 30, 2020 production to Young, should be included as responsive to the FOIA request [*Id.* (undisputed)].   Roberts thus forwarded these documents to IRS's Chief Counsel attorneys that same day [*Id.* (undisputed)].

On November 9, 2020, Vees completed his review of the 2016 exam file records [*Id.* ¶ 18 (citing Neal Dec. DE 21-4 ¶ 18) (undisputed)].   With the additional eight (8) pages identified on October 28, 2020, the exam records totaled 1,271 pages [*Id.* (undisputed)].   Of the 1,271 exam pages, the IRS claims it withheld in full 803 pages, withheld in part 124 pages, and released in full 344 pages to Teo [*Id.* ¶ 19 (citing Neal Dec. DE 21-4 ¶ 19) (disputed in part by Teo on grounds that the IRS "has not produced any information or log that would allow the Court to assess the withheld material" [DE 31-1 ¶ 19])].

On November 25, 2020, at the request of IRS Chief Counsel attorneys and to ensure a complete FOIA response, Neal instructed Disclosure Specialist Jennifer Johnson to retrieve requested transcripts [IRS SMF ¶ 28 (citing Neal Dec. DE 21-4 ¶ 28) (undisputed)].   Johnson provided 95 pages of transcripts to Chief Counsel for review that same day [*Id.*].   Of the 95 pages of transcripts, the IRS released in full 22 pages and released in part 73 pages to Teo [*Id.*].

On December 18, 2020, the IRS commenced a supplemental search under the direction of IRS attorney Sarah Tate, during which 1,079 pages of responsive records were located [*Id.* ¶¶ 33-34 (citing Barad Dec. DE 32-2 ¶¶ 4-5) (undisputed)].   As part of this supplemental search, Tate contacted Roberts to ask if she had any emails pertaining to Teo's 2016 exam that were not previously provided in the exam file sent to Young in June 2020 [*Id.* ¶ 59 (citing Tate Dec. DE 32-1 ¶ 5) (undisputed)].   Roberts said she did and sent 835 pages of responsive records to Tate on December 18, 2020 [*Id.* ¶¶ 60-61 (citing Tate Dec. DE 32-1 ¶¶ 6-7) (undisputed)].   After determining that Roberts' supervisor, Supervisory Revenue Agent Marian Kenney, could have additional records relating to Teo's 2016 exam, Tate directed Lowell Thomas of her office to contact Kenney and request all records and emails, with attachments, that Kenney had relating to

4

Teo's 2016 exam on which Roberts was not included [*Id.* ¶ 62 (citing Tate Dec. DE 32-1 ¶ 8) (undisputed)].

On December 31, 2020, Kenney sent 244 pages of responsive records to Thomas [*Id.* (undisputed)]. Some of the newly located records reflect the closure of Teo's 2016 exam on instructions from IRS Criminal Investigation [*Id.* ¶ 63 (citing Tate Dec. DE 32-1 ¶ 9) (undisputed)]. While the new records refer to other IRS employees who provided technical assistance, the IRS asserts such employees did not handle Teo's exam and they would have no records other than duplicates of those records already provided by Roberts and Kenney; thus, these employees were not asked to search for or provide responsive records [*Id.*].

IRS attorney Vikramsing Barad reviewed the 1,079 pages of supplemental responsive records to identify applicable FOIA exemptions [*Id.* ¶ 35 (citing Barad Dec. DE 32-2 ¶ 6) (undisputed)]. Of the 1,079 pages, none were withheld in full; rather, the IRS released in full 876 pages and released in part 203 pages to Teo [*Id.*].

The IRS invoked FOIA Exemption 3 with I.R.C § 6103(a) to withhold in part 172 pages that contain return information of taxpayers other than Teo, including names, taxpayer identification numbers (SSN or EIN), and information regarding potential liability under the Internal Revenue Code. [*Id.* ¶ 36 (citing Barad Dec. DE 32-2 ¶ 7) (undisputed)].

The IRS invoked FOIA Exemption 3 with I.R.C § 6103(b)(2) and (e)(7) to withhold Teo's Discriminant Index Function ("DIF") score on one page and states that such scores are how the IRS primarily selects tax returns for examination based on assigned values or weights to line items [*Id.* ¶¶ 37-38 (citing Barad Dec. DE 32-2 ¶¶ 8-9) (undisputed)]. Under his delegation authority, attorney Barad determined that any DIF scores or related examination criteria that are present in

5

the responsive records in this case may be withheld under § 6103(b)(2) and (e)(7) (in conjunction with FOIA Exemption 3) as it would seriously impair tax administration [*Id.* ¶¶ 42, 44 (citing Barad Dec. DE 32-2 ¶¶ 13, 15) (undisputed)].

The IRS invoked FOIA Exemptions 6 and 7(C) to withhold material on 31 pages encompassing personal information (names, telephone numbers, email addresses, and fax numbers) of IRS employees whose official duties are ministerial in nature and who do not interact with the public [*Id.* ¶¶ 50-52 (citing Barad Dec. DE 32-2 ¶¶ 21-23) (undisputed)].   In support, the IRS asserts that revealing this information may subject these employees to improper attempts to communicate with them, including by phishing, cyberstalking, and spam [*Id.* ¶¶ 51-52 (citing Barad Dec. DE 32-2 ¶¶ 22-23) (undisputed)].

As was confirmed at oral argument, consistent with the trio of declarations submitted by the IRS, its overall search turned up a grand total of 2,445 pages of records responsive to Teo's request [*Id.* ¶ 34 n.1 (undisputed)].   Of these 2,445 pages, the IRS released in full 1,242 pages, released in part 400 pages, and withheld in full 803 pages [*Id.*].[1]

## II.   LAW

### A.   *Summary Judgment Standard*

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[1] At oral argument, the IRS's counsel confirmed that there were three separate productions to Teo.   The first two occurred in November 2020, when Teo received 366 pages in full and 197 pages in part (the IRS withheld 803 pages of the 1,366 pages of responsive records located during its initial search) [Neal Dec. DE 21-4 ¶¶ 19, 28].   The third and final supplemental production occurred on January 7, 2021, when Teo received 876 pages in full and 203 pages in part (the IRS withheld none of the additional 1,079 pages of responsive records located in its supplemental search) [Barad Dec. DE 32-2 ¶ 6].

Fed. R. Civ. P. 56(a).   The parties may support their positions by citation to the record, including depositions, documents, affidavits, or declarations. See Fed. R. Civ. P. 56(c).   An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. U.S.*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).   A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* (quoting *Anderson*, 477 U.S. at 247-48).   The court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.   *Crocker v. Beatty*, 886 F.3d 1132, 1134 (11th Cir. 2018).

### B. FOIA Standards

"FOIA mandates the disclosure of documents held by a federal agency unless the documents fall within one of nine enumerated exemptions."   *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785, 209 L. Ed. 2d 78 (2021); 5 U.S.C. § 552(b)(1)-(9).   "Congress enacted FOIA to 'enable the public to have access to government information that is unnecessarily shielded from public view.'" *Miccosukee Tribe of Indians of Fla. v. U.S.*, 516 F.3d 1235, 1244 (11th Cir. 2008) (quoting *Nadler v. U.S. Dep't of Justice*, 955 F.2d 1479, 1484 (11th Cir. 1992).   Thus, records within FOIA's scope, "are presumed to be subject to disclosure unless [the agency] affirmatively establishes that the requested records fall into one of FOIA's exemptions."   *Office of Capital Collateral Counsel, N. Region of Fla. ex rel. Mordenti v. Dep't of Justice*, 331 F.3d 799, 802 (11th Cir. 2003); *see also Light v. Dep't of Justice*, 968 F. Supp. 2d 11, 26 (D.D.C. 2013) ("It is clear that 'disclosure, not secrecy, is the dominant objective of the [FOIA].'").

"A court reviews an agency's response to a FOIA request *de novo*, 5 U.S.C. § 552(a)(4)(B)," and FOIA cases are generally resolved on motions for summary judgment.   *Scott*

*v. IRS*, 2021 WL 256417, at *4 (S.D. Fla. Jan. 26, 2021) (Marra, D.J.) (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980)).   The FOIA "vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" *Kissinger*, 445 U.S. at 139 (quoting 5 U.S.C. § 552(a)(4)(B)).

In a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced...or is wholly exempt from [FOIA's] inspection requirements.'" *Id.* (citations omitted).   "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

In the FOIA context, summary judgment may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed, nonconclusory, and submitted in good faith," meaning they (1) describe the documents and the justifications for nondisclosure with reasonably specific detail, (2) demonstrate that the information withheld logically falls within the claimed exemption, and (3) are not controverted by contrary record evidence or evidence of agency bad faith.   *See Karantsalis v. U.S. Dep't of Just.*, 635 F.3d 497, 500 (11th Cir. 2011); *Scott*, 2021 WL 256417, at *4 (internal quotations and citations omitted).

In evaluating if an agency has met its burden of non-production, "the underlying facts are viewed in the light most favorable to the [FOIA] requester." *Scott*, 2021 WL 256417, at *4 (citing

*Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983)).   In assessing the evidence, a court must determine if the agency establishes an "adequate factual basis" for invoking the exemptions, which "may be established, depending on the circumstances of the case, through affidavits, a Vaughn Index,[2] in camera review, or through a combination of these methods." *Miccosukee Tribe*, 516 F.3d at 1244, 1258.

## III.   THE PARTIES' BRIEFING

### A.   The IRS's Motion for Summary Judgment [DE 21]

In its Motion for Summary Judgment, filed on November 30, 2020, the IRS argues it adequately searched for records responsive to Teo's FOIA request and properly withheld records, or portions thereof, under applicable FOIA exemptions.   In support, the IRS relies on the affidavit of IRS Disclosure Manager Celeste Neal [DE 21-4], which explains how the search for records responsive to Teo's FOIA request was conducted.   In all, the IRS maintains that it performed an adequate search and disclosed to Teo those records to which he is entitled under FOIA.

The IRS invoked FOIA Exemption 3 with sections 6103(a) and 6103(e), arguing that it properly "withheld 803 pages in full and 120 pages in part" consisting of third-party tax return information—including taxpayer names, identification numbers, federal tax returns, and other information prepared by the IRS to determine tax liability—and "one page of certain revenue agent work papers and history notes pertaining to the 2016 civil exam of [Teo]" [DE 21-1 at 8-9].   As to the records withheld in part, the IRS asserts that it properly segregated the exempt and

---

[2] *See, e.g., Scott v. IRS*, Case No. 18-81742-Civ-Marra/Matthewman, 2019 WL 2064817 (S.D. Fla. May 10, 2019) (Matthewman, M.J.) (order granting in part and denying in part motion to compel production of limited Vaughn index); *Scott v. IRS*, Case No. 18-81750-Civ-Marra/Matthewman, 2020 WL 2045693 (S.D. Fla. Apr. 28, 2020 (Matthewman, M.J.) (order denying motion to compel production of a Vaughn index).

nonexempt material contained in the documents disclosed to Teo.

The IRS also invoked FOIA Exemption 7(A) and 7(E), arguing that "the vast majority" of the responsive records relate to the IRS's investigation and civil examination of Teo's 2016 tax year which is the subject of an ongoing federal criminal case in New Jersey and that disclosure of these records could interfere with ongoing enforcement proceedings.[3]

Lastly, the IRS invoked FOIA Exemptions 6 and 7(C), arguing that it properly withheld "telephone numbers and fax numbers of IRS employees, as well as IRS employees whose official duties are ministerial in nature, and who do not interact with the public." [*Id.* at 15].

### B.  *Teo's Response [DE 31]*

In his response, filed on December 30, 2020, Teo argues that the IRS's submissions in this case and the documents produced to Teo raise genuine questions regarding the adequacy of the IRS's search.   For instance, Teo asserts that out of the roughly 600 pages of material he received, not one page contains correspondence, emails, or electronic files even though records produced have entries that reference the exchange of correspondence and emails among several IRS employees.

In separate briefing related to Teo's intervening motion to compel, the IRS indicated "there *may* be a small subset of documents that were not identified" which Teo cites as confirmation that there may still be additional responsive, non-exempt documents that have not been produced. [DE 31 at 11 (citing DE 29 at n.4 (emphasis in original)].   As such, Teo argues that the most expedient

---

[3]  *See U.S. v. Teo*, Case No. 20-cr-00690-KSH, (D.N.J.).   A review of the record in the New Jersey criminal case shows that Teo was indicted on August 10, 2020 on three counts of tax evasion and six counts of making/subscribing false tax returns.   [*Id.* at DE 10].   As of August 16, 2021, the case remains pending and the last activity of record is an order continuing the matter to September 1, 2021.   [*Id.* at DE 26].

and determinative path to resolving this FOIA case is to deny summary judgment and permit Teo to depose Agent Roberts as she is the only IRS employee that the IRS maintains has personal knowledge of what and where potentially responsive documents exist.[4]

### C. The IRS's Reply [DE 33]

In its reply, filed January 6, 2021, the IRS argues that its searches from before and after it filed its summary judgment motion demonstrate that its overall search methodology was reasonable and adequate.   The IRS asserts that its continued production of documents reflects its good faith search efforts to comply with FOIA.   Furthermore, the IRS asserts that Teo did not contest any FOIA exemptions previously asserted over the documents produced to him in November 2020 and thus he waived any right to challenge those exemptions.

The IRS argues further that there is no reason for Teo to challenge the exemptions applied to a supplemental production of documents "that will occur in January 2021" [DE 33 at 2].   The IRS claims it properly invoked FOIA Exemptions 3, 5, 6, 7(C), and 7(E) for the supplemental production to protect (1) discriminant index function ("DIF") scores used by the IRS to select tax returns for examination, (2) predecisional records protected under the deliberative process privilege, (3) third-party tax return information, and (4) IRS personnel information.   Having met its burden to show its search was adequate and that it properly asserted exemptions, the IRS argues

---

[4] Shortly after the IRS filed its Motion for Summary Judgment, on December 9, 2020, Teo filed an expedited motion to compel the deposition of Agent Roberts, arguing that the deposition was necessary to assess the adequacy of the IRS's search for responsive records [DE 22].   On December 23, 2020, before Teo filed his response to the IRS's Motion for Summary Judgment, the previously assigned U.S. Magistrate Judge denied the intervening motion to compel on grounds that Teo's challenges of the IRS' chosen declarant did not justify the deposition [DE 30].   Teo appealed and, on July 6, 2021, the presiding U.S. District Judge affirmed the denial of the motion to compel deposition, finding that Teo's arguments that the IRS's search was inadequate could be raised in the summary judgment briefing without the need to depose Agent Roberts [DE 47].

that the Court should award the IRS summary judgment and conclude this case.

### D.  The IRS's Supplement [DE 38]

The same day the IRS filed its reply, on January 6, 2021, it filed a motion asking the Court to allow it to supplement its summary judgment briefing with the sworn declarations of two attorneys from its Office of Chief Counsel—Senior Counsel Sarah Tate [DE 32-1] and Senior Technician Reviewer Vikramsing Barad [DE 32-2].   The Court granted the motion and also ordered the IRS to file supplemental briefing [DE 37].

In its supplemental briefing, filed February 2, 2021, the IRS argued it "provided Teo all of the records that FOIA entitles him to receive." [DE 38-1 at 1].   The IRS relies upon the declarations of Neal, Tate, and Barad as establishing the reasonableness of its original and supplemental search methodology, which included proper segregability analysis and rightful withholding of records under FOIA exemptions.   The supplemental search was overseen by Tate and resulted in locating additional responsive records, of which Teo received the non-exempt portions.   Among other things, the IRS claims it produced emails, electronic records, and the revenue agent report to Teo.

The IRS maintains it properly asserted FOIA Exemptions 3, 5, 6, and 7(C) to protect (1) DIF scores used by the IRS to select tax returns for examination, (2) predecisional records protected under the deliberative process privilege, (3) third-party tax return information, and (4) IRS personnel information.   The IRS claims it reviewed all records at issue and confirmed that the withheld material comports with applicable FOIA exemptions.

### E.  Teo's Sur-Reply [DE 39]

In his sur-reply, filed February 10, 2021, Teo contends that the supplemental submissions

confirm that the IRS's production remains incomplete and the only way to finally resolve the outstanding issues is to require the deposition of Agent Roberts.   Teo points to the IRS's delay and changing positions over several months regarding which IRS employees had documents responsive to his FOIA request.   For example, according to Teo, the IRS first claimed that only Agent Roberts worked on Teo's 2016 exam.   However, when confronted with documents that referred to other IRS employees, the IRS offered contradictory explanations including falsely asserting that Teo never sought email communications while also indicating that the non-production of emails was because they had no substantive information beyond that which is already included in the exam file that had been produced.   In addition, Teo points to the IRS's asserted lack of any emails between Roberts and Kenney predating March 2020 while IRS Agent Roberts worked on the matter is unsupported and unlikely.

Teo argues that the IRS's "meritless and shifting explanations for its deficient production undermine any confidence in the adequacy of [the IRS's] search and the accuracy of its second-hand declarations." [DE 39 at 5].   According to Teo, the IRS's refusal to search for records of other IRS employees who worked on the matter renders its search inadequate.   Teo further asserts that any evaluation of the IRS's claimed exemptions is premature until all responsive materials are produced.

## IV.   <u>ANALYSIS</u>

At the outset, the Court finds it important to note that Teo's FOIA request and this entire FOIA litigation has occurred amid a global pandemic that has disrupted all American life.   It cannot seriously be questioned that the COVID-19 pandemic has caused unexpected and uncontrollable delays in the processing of various matters across all agencies, including the IRS.

Against the backdrop of these unprecedented circumstances and in accordance with governing law, the Court will first consider the adequacy of the IRS's search and Teo's related challenges.   The Court will then consider the FOIA exemptions invoked by the IRS over withheld material, which Teo has not squarely challenged or addressed in his briefing or otherwise.

### A.        *The IRS Conducted a Reasonable and Adequate Search*

The IRS argues that it is entitled to summary judgment because it performed a reasonable search for the records requested by Teo.   This Court agrees.   "FOIA requires a federal agency, upon request for records that reasonably describes documents held by the agency, to make those documents promptly available unless the information within the records is protected from disclosure by a statutory exemption."   *Lee v. U.S. Att'y for S. Dist. of Fla.*, 289 F. App'x 377, 380 (11th Cir. 2008) (per curiam).   "The adequacy of an agency's search for documents requested under FOIA is judged by a reasonableness standard."   *Ray v. U.S. Dep't of Justice*, 908 F.2d 1549, 1558 (11th Cir. 1990), rev'd on other grounds, 502 U.S. 164 (1991).

The agency need not perform an exhaustive search, but to be entitled to summary judgment, it must "show beyond material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents." *Id.* (alteration in original) (quoting *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983)).   The agency can meet this burden "by producing affidavits that are 'relatively detailed, nonconclusory, and submitted in good faith.'" *Id.* (quoting *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)).   If the agency satisfies its burden in showing that its search was reasonable, "the burden shifts to the requester 'to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith.'"   *Id.* (quoting *Miller*, 779 F.2d at 1383).

The IRS asserts it reasonably searched for responsive documents and provided Teo all the records that FOIA entitles him to receive.  To demonstrate the reasonableness of its search for responsive documents, the IRS submitted affidavits from an IRS disclosure manager and two IRS attorneys overseeing the process of compiling and reviewing the documents Teo received in response to his FOIA request.  It is undisputed that the IRS immediately acted on the FOIA request by assigning it a case number and a disclosure specialist on the day it was received [Neal. Dec. ¶¶ 7-8].  It is further undisputed that later that same month, the IRS revenue agent in West Palm Beach who worked on Teo's 2016 exam file sent responsive material via email to the assigned disclosure specialist [*Id.* ¶ 11].  Neal's sworn declaration explains that the IRS's response was initially delayed because disclosure specialist Alan Young, the first assigned analyst, had "technical difficulties with the review platform" rendering him "unable to complete the review of the responsive records" [*Id.* ¶ 12].  Neal's declaration explained that after Teo filed the instant complaint, his FOIA request was reassigned to a new disclosure analyst, Mark Vees [*Id.* ¶ 13]. Neal thereafter participated in two internal conference calls with Vees, the revenue agent, and IRS attorneys to discuss the status of Teo's FOIA request, during which eight additional pages were discovered [*Id.* ¶¶ 14-16].  Vees then completed his review on November 9, 2020, and material deemed responsive was disclosed to Teo [*Id.* ¶¶ 18-19].

The IRS thereafter engaged in two supplemental searches—one for requested transcripts and a second one under the direction of and with the assistance of IRS attorneys [Neal Dec. ¶ 28; Barad Dec. ¶¶ 4-5; Tate Dec. ¶¶ 5-9].  Additional responsive documents were found and material deemed responsive was disclosed to Teo in supplemental productions [Neal Dec. ¶ 28; Barad Dec. ¶¶ 4-6; Tate Dec. ¶¶ 5-9].  Out of a total universe of 2,445 pages of responsive records located by

the IRS, Teo received 1,242 full pages and 400 partial pages, while 803 pages were withheld in full [Barad Dec. ¶ 5 n. 1].

Teo's challenges to the reasonableness of the IRS's search are without merit.  His chief argument is what he describes as the IRS's delayed response, shifting positions, and multiple supplemental productions that, according to Teo, "undermine any confidence in the adequacy of the IRS's search and the accuracy of its second-hand declarations" [DE 39 at 5].   Throughout the history of this case, Teo has consistently argued that the only way to confirm the accuracy of the IRS's search is to question IRS Agent Roberts as she is the one who primarily worked on his 2016 exam file.   Not so.   The Court sees no need for a deposition of IRS Agent Roberts in this case.

As for Teo's suggestion that the IRS's supporting declarations are insufficient "second-hand declarations," FOIA law holds otherwise.   In the FOIA context, government declarants who do not physically perform searches for responsive records "satisfy the requirement of personal knowledge and qualify as competent witnesses."   *Brophy v. U.S. Dept. of Def.*, 2006 WL 571901, at *4-5 (D.D.C. Mar. 8, 2006) (citing cases and recognizing that "our circuit court long ago recognized the validity of the affidavit of an individual who supervised a search for records even though the affiant had not conducted the search himself").

Here, Neal bears formal responsibility for supervising the processing of FOIA requests for the IRS [Neal Dec. ¶ 2].   Her declaration outlines in reasonable detail the initial search process for documents responsive to Teo's FOIA request and the exemptions asserted by the IRS to withhold certain material.   Neal avers that she personally reviewed the FOIA request, the case history notes, and the responsive records [*Id.* ¶ 3].

After Teo filed the instant complaint, the IRS's Office of Chief Counsel got involved and

the declarations of IRS attorneys Tate and Barad offer details about the supplemental search process.   In her declaration, attorney Tate avers that based on Teo's assertions in response to an IRS motion for protective order, she "re-reviewed the FOIA request and the search that had been conducted" and found a supplemental search necessary [Tate Dec. ¶ 4].   Roberts and Roberts' supervisor, Kenney, were instructed to send to Tate all email messages pertaining to Teo's 2016 exam from the opening of the exam through the FOIA request date of June 4, 2020 [*Id.* ¶¶ 5-8].

Like Neal, attorney Barad avers that he personally reviewed the FOIA request, the responsive records, and the case history notes—which he describes as a chronological record of the actions taken to process a FOIA request, including notes of communication with the requester, search effort/status, communication with other IRS employees, and document review status [Barad Dec. ¶ 3, n. 1].   Barad's declaration describes the exemptions asserted by the IRS over responsive records discovered in the supplemental search began on December 18, 2020 [*Id.* ¶¶ 4, 6-25].

Teo suggests that inconsistences regarding the IRS's search methodology within the trio of declarations renders them unreliable.   For instance, Teo points to Neal's declaration statements that there was "no reason to search" records from anyone other than Roberts because "no other Revenue Agents worked on [Teo's] exam other than [Roberts]." [DE 39 at 3 (citing Neal Dec. ¶¶ 14, 17)].   According to Teo, it was not until he confronted the IRS with responsive documents that referenced responsive emails and other communications between Roberts and other IRS employees that had not been produced that the IRS decided to conduct supplemental searches which turned up additional responsive documents.   While it is fair to say that Neal's declaration turned out to be inaccurate on this point, it is unfair to suggest the declaration was false when made.   The Court is not convinced that this inaccuracy is evidence of bad faith on the part of the

IRS.

On the contrary, the chronology of the declarations and their respective descriptions of the IRS's overall search efforts reflect a consistent ongoing good faith effort by the IRS to thoroughly comply with Teo's FOIA request.   And these good faith search efforts occurred in the midst of the COVID-19 pandemic.   Chronologically, Neal was the first declarant.   Her declaration is dated November 29, 2020 and makes clear that it is based on the information she knew at the time based on her work overseeing what turned out to be the initial phase of compliance with Teo's FOIA request. The inaccuracy regarding the universe of emails involving Roberts was the product of an evolving situation and what ended up being a rolling production of responsive documents. The later supplemental declarations of attorneys Tate and Barad delved deeper by explaining subsequent searches for responsive records which turned up additional records that the IRS reviewed and disclosed to Teo. Notably, no documents were withheld in full as part of the last supplemental production in January 2021 [Barad Dec. DE 32-2 ¶ 6] (averring that attorney Barad reviewed the responsive records as part of the final supplemental production that occurred on January 7, 2021, when Teo received 876 pages in full and 203 pages in part, and that no pages were withheld in full out of the 1,079 pages of additional responsive records located).

Teo also argues that the IRS contends without any evidentiary support that there are no emails between Roberts and Kenney predating March 12, 2020 but that Teo believes otherwise based on the supplemental production of material covering a three-month period postdating March 12, 2020.   However, Teo points to no specific facts creating a genuine dispute on this point.   *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (to defeat summary judgment in a FOIA case, the requesting party must come forward with specific facts demonstrating a genuine

issue regarding whether an agency has improperly withheld records).   Teo's argument is conclusory and unsupported by evidence.   What Teo may or may not believe regarding the potential existence of more responsive documents is unimportant to the fundamental inquiry regarding the adequacy of the IRS's search for those documents—that is, the singular focus on whether the search itself was adequate and not whether there might exist other responsive documents.   *See Scott*, 2021 WL 256417, at *10 (S.D. Fla. Jan. 26, 2021) (Marra, D.J.) (quoting *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (the fundamental question in the adequacy of the search analysis is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case.").

Under FOIA, an agency's search need not be perfect or exhaustive.   *Lee v. U.S. Atty of S.D. Fla.*, 289 F. App'x 377, 380 (11th Cir. 2008).   Rather, the agency's search must be "reasonably calculated to uncover all relevant documents."   *Ray*, 908 F.2d at 1558.   In addition, post-litigation searches can remedy and supplement pre-litigation searches.   *See People for the Ethical Treatment of Animals, Inc. v. Bureau of Indian Affairs*, 800 F. Supp. 2d 173, 179 (D.D.C. 2011) (noting well settled principle "that the subsequent production of responsive documents can remedy inadequate searches.").   Here, the IRS met its FOIA obligations by reasonably performing original and supplemental searches for the material sought by Teo in his FOIA request.   The IRS has submitted detailed, nonconclusory affidavits which adequately explain the search procedures it used and the reasons for the delayed response to Teo's request.   The burden, then, shifted to Teo to rebut the IRS's evidence by demonstrating that the IRS did not conduct a reasonable search

or did not conduct the search in good faith.[5]  Teo has failed to demonstrate by citation to any material evidence that the search was not reasonable or not conducted in good faith.  Thus, the Court finds that the IRS satisfied its burden under FOIA to perform a reasonable search for the requested records.  The IRS is therefore entitled to final summary judgment in its favor as to whether it conducted a reasonable search because it did, in fact, conduct a reasonable search.

### B.      The IRS's Asserted FOIA Exemptions

The IRS has made clear through the declarations of Neal and Barad that its redactions and withholdings of certain material in its original and supplemental productions to Teo are justified under FOIA Exemptions 3, 5, 6, 7(A), 7(C), and 7(E).  Throughout his briefing, Teo opted not to squarely address any of these asserted exemptions.  Instead, Teo argued that "any evaluation of the [the IRS's] claimed exemptions is premature" and sought for "the Court to defer adjudication of claimed exemptions until all responsive materials have been produced." [DE 39 at 2].

At oral argument, the IRS's counsel claimed that the asserted exemptions are not at issue and need not be addressed by the Court based on Teo's failure to challenge any of them.  In response, Teo's counsel claimed that Teo preserved his right to challenge the exemptions.  Even so, Teo's counsel also candidly admitted that he was "not concerned about the exemptions" and was "not sure" Teo would ever object to any exemption.

The IRS has cited persuasive authority for its position, while Teo has cited none.  The Court is unaware of any authority that would permit Teo to "preserve" his right to challenge FOIA

---

[5] Teo seems to focus all his efforts in this case on the ultimate goal of being allowed to take a deposition of IRS Agent Roberts. This makes the Court somewhat skeptical of Teo's arguments in this case. In light of the fact that Teo is indicted for tax evasion and related charges in the District of New Jersey, *see* n.2, *supra*, it appears to the Court that Teo's real goal in this case is to obtain a discovery deposition which he can then attempt to use in the criminal case.   This is not the purpose of a FOIA lawsuit.

exemptions.   This is especially true considering the timeline of events in this case.   On January 7, 2021, the IRS fully completed its FOIA disclosure to Teo.   Out of 2,445 total pages of responsive records located, the IRS released in full 1,242 pages, released in part 400 pages, and withheld in full 803 pages.   In the seven-month period following this completed production, there is no evidence that Teo took any issue with the IRS's invocation of exemptions or sought permission from the Court to do so.   In addition, summary judgment briefing closed over six months ago on February 10, 2021, when Teo had the final word via his sur-reply.   Teo's solitary focus throughout this litigation has consistently been on challenging the adequacy of the IRS's search, and seeking to obtain a deposition of IRS Agent Roberts, *see* n.5, *supra*, which issues have been addressed by the Court above.   Teo never squarely challenged any asserted exemption and his time to do so has now passed.

A "motion for summary judgment cannot be 'conceded' for want of opposition." *Winston & Strawn, LLP v. McClean*, 843 F.3d 503, 505 (D.C. Cir. 2016).   However, in a FOIA case, the Court is not required to "assess the legal sufficiency of each and every exemption invoked by the government in a FOIA case, regardless of whether the requester contests the government's invocation of that exemption." *Shapiro v. Dep't of Justice*, 239 F. Supp. 3d 100, 106 n.1 (D.D.C. 2017).   Instead, when a FOIA requester responds to an agency's motion for summary judgment "without taking issue with the government's decision to withhold or to redact documents, the Court can reasonably infer that the FOIA requester does not seek those specific records or information and that, as to those records or information, there is no case or controversy sufficient to sustain the Court's jurisdiction." *Id.*; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

In the absence of any timely argument challenging the IRS's decision to withhold or redact

responsive materials, the Court thus infers that Teo does not seek those specific records or information.   Nonetheless, in the interest of completeness, the Court has independently reviewed the declarations of Neal and Tate regarding the asserted FOIA exemptions and finds that they clearly appear to be properly asserted.   Each declarant describes the withheld documents in reasonably specific detail together with facts sufficient to justify each exemption.   *See Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted) (under FOIA, summary judgment is justified if affidavits describe the documents and "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith"); *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993) ("we hold that in certain cases, affidavits can be sufficient for summary judgment purposes in an FOIA case if they provide as accurate a basis for decision as would sanitized indexing, random or representative sampling, in camera review, or oral testimony"); *Miccosukee Tribe of Indians of Florida*, 516 F.3d at 1257-58 (noting that a trial court may utilize various methods depending on the circumstances of the case, including, agency affidavits to determine whether an adequate factual basis exists for the agency's disclosure of information in response to a FOIA request).

According to the declarations of Neal and Bard, the IRS has asserted FOIA Exemptions 3, 5, 6, 7(A), 7(C), and 7(E) to withhold the following categories of material: (1) third-party tax return information, including taxpayer(s) names, identification numbers (SSN or EIN) and discussion of potential tax liability; (2) a DIF score located on one page and related examination criteria; (3) internal IRS work papers/history notes pertaining to Teo's 2016 exam for potential violations of the Internal Revenue Code; (4) four pages containing the names and contact information for IRS

employees who do not interact with the public; (5) one page of "internal-agency-use-only email addresses;" and (6) deliberative process privileged communications consisting of an internal preliminary and pre-decisional recommendation [Neal Dec. ¶¶ 20-28; Barad Dec. ¶¶ 7-24].   Upon careful review, the Court is satisfied that the IRS has sufficiently justified its claimed exemptions by offering reasonably specific detail about the withheld information and that such information logically falls within the claimed statutory exemptions.

The Court also finds that the IRS has fulfilled its obligations to disclose non-exempt portions of responsive documents.   FOIA mandates that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."   5 U.S.C. § 552(b).   Even when parts of a document are protected by a FOIA exemption, "non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions."   *Mead Data Cent. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material, *Boyd v. Crim. Div. of the U.S. Dep't of Justice*, 475 F.3d 381, 382 (D.C. Cir. 2007), and the Court may rely on agency affidavits that show with reasonable specificity why documents withheld pursuant to a valid exemption cannot be further segregated, *see Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578 (D.C. Cir. 1996).

Here, through the declarations of Neal and Barad, the IRS has provided adequate reasoning for its withholdings.   Neal and Barad affirmatively represent that they are familiar with the FOIA's segregation requirement and that they reviewed the responsive records at issue to confirm that the withheld material meets the criteria of the asserted FOIA exemptions [Neal Dec. ¶ 29; Barad Dec. ¶ 25].   For records withheld in their entirety, Neal avers that she confirmed that such

records either fall entirely within a FOIA exemption or "are records wherein the portions exempt from disclosure under the FOIA are so inextricably intertwined with nonexempt material as to be non-segregable."   [Neal Dec. ¶ 29].   As for material withheld in part, Neal avers that she confirmed that the withheld material is limited to FOIA exempt material [*Id.*].

Similarly, Barad avers that he reviewed the additional emails and attachments located by Agent Roberts and confirmed that the withheld material meets the criteria of applicable FOIA exemptions, as explained in his declaration.   Barad further avers that the material withheld in part is limited to information that meets the criteria of the exemption(s) cited [Barad Dec. ¶ 25].   The Court finds that Neal and Barad's declarations demonstrate that the IRS has complied with its obligations to produce any non-exempt information that may reasonably be segregated for release [*Id.*].

## V.      **CONCLUSION AND RECOMMENDATION**

Evidentiary submissions of record confirm that the IRS has conducted an adequate search that was reasonably calculated to uncover records responsive to Teo's FOIA request. Furthermore, Teo has not squarely challenged the asserted FOIA exemptions and the IRS has provided reasonably detailed justifications for its withholdings and production of non-exempt information that may reasonably be segregated.   There are no material facts in genuine dispute. Thus, the undersigned respectfully **RECOMMENDS** that the IRS's Motion for Summary Judgment [DE 21] be **GRANTED**.

## VI.     **NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District

Judge Donald M. Middlebrooks.   Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.   *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of August, 2021.

WILLIAM MATTHEWMAN
U.S. MAGISTRATE JUDGE

25